■ In the Matter of the Claim of PETER L. HAYNOS, Respondent, against AMERICAN BRASS COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board and an award to claimant for reduced earnings. The award in question covers a period of some 46 months. Claimant injured his back in January, 1953 but he lost no time from work. There is medical proof that he sustained a mild permanent partial disability. The board found that he sustained accidental injuries in the nature of a chronic sacroiliac strain, spasm of the paraspinal muscles in lumbar area and a derangement of a lumbar intervertebral disc. His average weekly wage prior to the accident was fixed at the sum of $98.20. Claimant lost time because of strikes affecting the plant in which he worked for seven weeks in 1954 and eight days in 1955, but the board declined to make any award for reduced earnings during those periods. Claimant was a machine operator and 80% of the time he was seated while working. The only difference between his work before and after the accident, according to his own testimony, was that after the accident he restrained himself from exertion in the same degree that he had exercised before the accident, and obtained help when anything heavy had to be lifted. The award for reduced earnings was made on a week-to-week basis from the date of the accident to one week before the date of the hearing, in accordance with claimant's earnings as reflected by wage statements furnished by the employer. It may be noted that the only periods for which there were no earnings were the strike periods. The formula used by the board has authority to support it (*Matter of Wood* v. *Senaca Iron & Steel Co.*, 271 N. Y. 642; *Matter of Neidrawer* v. *Lake Erie Eng. Co.*, 271 App. Div. 940; *Matter of Greenough* v. *Bromley*, 276 App. Div. 937; *Matter of Liperman* v. *Giller*, 6 A D 2d 732). The difficulty with the award is that there is no substantial proof to establish relationship between the mild disability and the lower earnings during intermittent weeks. Such proof should be present to sustain a finding that the lower earnings are attributable to the injury rather than to other factors (*Matter of Jackson* v. *Bethlehem Steel Co.*, 277 App. Div. 912). Decision and award reversed, with costs to appellant against the Workmen's Compensation Board and claim remitted. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.

■ In the Matter of JOSEPH FREY, Appellant, against NEW YORK STATE BOARD OF PAROLE et al., Respondents.— Appeal withdrawn. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.